FILED

OCT 3 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10474 |
| Plaintiff - Appellee, | D.C. No. 4:02-cr-40039-CW |
| v. | |
| GLORIA ENANDER GIANNINI, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Claudia A. Wilken, District Judge, Presiding

September 27, 2011[**]

Before:  HAWKINS, SILVERMAN, and W. FLETCHER, Circuit Judges.

Gloria Enander Giannini appeals from the 15-month sentence imposed upon revocation of supervised release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Giannini contends that the district court procedurally erred by failing to consider all of the relevant factors at sentencing, including her age, health, and a 105-month sentence she is serving in a separate criminal case. She further contends that the district court abused its discretion and imposed a substantively unreasonable sentence by ordering the sentence to be served consecutive to the 105-month sentence. The record reflects that the district court gave adequate consideration to the relevant sentencing factors, and that, in light of the totality of the circumstances, the sentence is substantively reasonable. *See United States v. Carty*, 520 F.3d 984, 992-93 (9th Cir. 2008) (en banc); *see also* 18 U.S.C. § 3583(e) (identifying factors a district court considers when imposing a sentence upon revocation of supervised release); U.S.S.G. § 7B1.3(f) (recommending that a supervised release revocation sentence be imposed consecutive to "any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release").

**AFFIRMED.**

10-10474